**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SANDRA THERESE CRISAN, | ) | CASE NO. 1:14 cv 384 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| CAROLYN W. COLVIN, ACTING | ) | OPINION AND ORDER |
| COMMISSIOINER OF SOCIAL | ) | AWARDING ATTORNEY FEES |
| SECURITY, | ) | UNDER 28 U.S.C. § 2412 |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the parties' stipulation for an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Court construes the parties' stipulation as an unopposed motion for an award of attorney fees. (Motion, Doc. No. 20). For the reasons that follow, the motion is granted.

**I. BACKGROUND**

Plaintiff filed this action on February 20, 2014 seeking review of the Commissioner's denial of her application for disability insurance benefits. (Doc. No. 1.) Subsequently, the parties filed a joint stipulation to remand the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and enter judgment in favor of plaintiff. (Doc. No. 14.) The Court construed the parties' stipulation as a joint motion to remand, which was granted, and the Court ordered remand of the case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Doc. Nos. 15 and 16.)

Thereafter, plaintiff moved for attorney fees under the EAJA. (Doc. No. 17). After defendant sought and received an extension of time to respond to plaintiff's attorney fee application (Doc. Nos. 18 and 19), the unopposed motion for an award of attorney fees now before the Court was filed.[1]

The parties seek an order from the Court for an award of attorney fees in the amount of $6,000.00 as compensation for all legal services rendered on behalf of plaintiff in this civil action in accordance with 28 U.S.C. § 2412(d), but agree that the award of fees under § 2412 is without prejudice to the rights of plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406. (Motion at 870-71.[2])

The parties also agree in the motion that an attorney fee award under the EAJA is subject to offset by any outstanding federal debt owed by plaintiff as follows: 1) If plaintiff has no outstanding federal debt, then the entire amount of the attorney fee award is payable; 2) If the plaintiff has outstanding federal debt in an amount less than $6,000.00, then the amount of attorney fees payable to plaintiff will be the remaining balance of the award after subtracting the amount of plaintiff's outstanding federal debt; and 3) If plaintiff's outstanding federal debt exceeds $6,000.00, then that amount will be used in its entirety to offset plaintiff's outstanding federal debt and no attorney fees shall be paid. *Id.*

---

[1] The unopposed motion for attorney fees supersedes plaintiff's application for attorney fees as to the amount of the fee sought. (Doc. No. 17).

[2] All references to page numbers are to the page identification numbers generated by the Court's electronic docketing system.

## II. DISCUSSION

The EAJA requires the government to pay a prevailing social security plaintiff's attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). "Prevailing party" status is "achieved within the meaning of the statute when the plaintiff succeeded in securing a sentence four remand order . . . ." *Shalala v. Schaefer*, 509 U.S. 292, 300-01, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).

Plaintiff brought this action for judicial review of the Commissioner's denial of her application for disability insurance benefits and succeeded in securing a sentence four remand to the Commissioner for further consideration of her application. Accordingly, the Court finds that plaintiff is a prevailing party for the purposes of the EAJA.

The EAJA provides that the amount of an attorney fee award shall be based on prevailing market rates, but shall not exceed $125 per hour unless the court determines that the cost of living or special factors justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii). The change in the cost of living over the years since the $125 per hour rate was established justifies an increase in the statutory rate. *See Crenshaw v. Commissioner of Social Security*, No. 1:13CV1845, 2014 WL 4388254 at *3 (N.D. Ohio September 5, 2014).

The appropriate measure of inflation in this geographic area is the "Midwest Urban" CPI. *See Crenshaw,* 2014 WL 4388254 at *3 (collecting cases).[3] Plaintiff's attorney's EAJA time statement submitted with her fee application (Doc. No. 17-3) indicates that legal services in this caw were rendered from April 2014 through June 2014, for a total of 33.25 hours.[4] The average Midwest Urban CPI for this period[5] is 226.789. Dividing this number by 151.7, the value for March 1996 when the EAJA value of $125 was established,[6] the Court calculates the cost of living increase to be 1.50 (i.e. $226.789 \div 151.7 = 1.49498$). Multiplying $125 by that increase, the adjusted appropriate hourly rate is $187.50 (i.e. $125 x 1.5). The Court has also examined and considered the materials provided with plaintiff's attorney fee application. Those materials reflect that the prevailing hourly rate for attorneys in the Cleveland area for the kind and quality of service provided by plaintiff's attorney in this case exceeds $200 per hour, which further justifies an increase in the statutory rate by the Midwest Urban CPI. (*See* Doc. Nos. 17-6 and 17-8.)

The unopposed motion for attorney fees seeks an award of $6,000.00. This amount, divided by the number of hours for legal services rendered before this court—33.25—results in an hourly rate of $187.50. The Court concludes that the attorney hours claimed in plaintiff's fee application, and an hourly rate of $187.50, are both reasonable

---

[3] The Midwest Urban CPI can be found on the website of the Bureau of Labor Statistics (http://www.bls.gov).

[4] The number of hours claimed by plaintiff in her fee application is certainly not exorbitant and the government does not argue that the hours claimed are excessive or unreasonable. Having examined the statement and considering plaintiff's successful outcome, the Court concludes that 33.25 hours is reasonable in this case.

[5] April 2014 (226.214), May 2014 (226.565), June 2014 (227.588).

[6] *See Crenshaw v. Commissioner of Social Security*, 2014 WL 4388254 at *3.

and supportable under the EAJA. Finally, defendant has made no attempt to demonstrate that the government's denial of plaintiff's disability application was substantially justified, and the Court is not aware of any special circumstances that would make an attorney fee award unjust. Accordingly, the motion for an attorney fee award of $6,000.00 is granted.

As the parties recognize in the motion, EAJA attorney fees payable to plaintiff are subject to offset to satisfy pre-existing federal debt owed by plaintiff. *See Astrue v. Ratliff*, 560 U.S. 586, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010). Payment may be made directly to plaintiff's attorney only if plaintiff owes no debt to the government and plaintiff has assigned any right to EAJA attorney fees to the attorney.[7] *Crenshaw v. Commissioner of Social Security*, 2014 WL 4388254 at \*5. Therefore, the Commissioner is ordered to determine, within 30 days from the date of this order, whether plaintiff owes a preexisting debt to the government, to offset any such debt against the award granted herein, and to pay the balance to the plaintiff, or to plaintiff's attorney, in accordance with the provisions of any assignment plaintiff has made with respect to EAJA fees.

---

[7] The motion states that there is an assignment by plaintiff of attorney fees to counsel, and plaintiff attached a fee agreement assigning EAJA fees to her fee application. (Doc. Nos. 20 at 870, and 17-4.)

### III. CONCLUSION

For the reasons set forth herein, the unopposed motion for an award of EAJA attorney fees pursuant to 28 U.S.C. § 2412 in the amount of $6,000.00 is GRANTED. This amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: November 6, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**